■ CITY LITHOPLATE, INC., Respondent, v. BALDWIN PAPER COMPANY, INC., Appellant.— In an action to recover damages, *inter alia*, for breach of warranty, defendant appeals from an order of the Supreme Court, Kings County, dated October 24, 1973, which denied its motion to dismiss the complaint on the ground of release. Order reversed, on the law, with $20 costs and disbursements, motion granted and complaint dismissed (CPLR 3211, subd. [a], par. 5). Plaintiff manufactures lithographic plates which its customers use on high-speed presses. To protect the plates and keep them clean so they would produce clear and undistorted copies, plaintiff interleaved antitarnish tissue between them. This was but one of the various uses to which the tissues could be put. In March, 1970 plaintiff purchased antitarnish tissue manufactured by Kimberly-Clark Corporation which caused damage to plaintiff's plates in May and June, 1970. Independent tests showed the damage was caused by minute traces of silicone in the tissue sheets. The presence of this small amount of silicone had no effect on the antitarnish quality of the tissue, which was its most important feature. Plaintiff presented a claim for damages to the manufacturer and, after some negotiation, the claim was settled, with the manufacturer offering to accept the return of any inventory for full credit. Plaintiff returned some, but not all, of the antitarnish tissue it had previously purchased. On July 1, 1971 plaintiff executed a release whereby it released Kimberly-Clark and all others " from any and all claims  *  *  *  and any and all property damage resulting or to result in connection with the manufacture and sale " to plaintiff of the antitarnish tissue. Although the release was adapted from a release of claims for personal injury, it speaks strongly of a release of the consequences of the wrong which gave rise to the release, " specifically including, also, any injuries which may exist, but which at this time are unknown and unanticipated and which may develop at some time in the future, and all unforeseen developments arising from known injuries ". Kimberly-Clark's normal testing procedures, although sophisticated, were not sufficient to detect traces of silicone, and plaintiff therefore conducted its own tests to determine whether the tissue it was using was contaminated by silicone. Where there was paper from more than one lot on any given " skid " (a quantity of some 1,332 pounds) it would be necessary for plaintiff to test all the lots, and this could only be done if the multiple lots were identified. Accordingly, plaintiff agreed with defendant (the distributor from which it had purchased the tissue) that all shipments of tissue by defendant to plaintiff would be marked or properly identified if any skid contained tissue sheets from more than one lot of paper. Thereafter, plaintiff purchased from defendant a quantity of antitarnish tissue and on September 29, 1970 received one skid which was neither marked nor identified as containing tissue sheets from more than one lot. Relying on the fact that the sheets were all from the same lot, plaintiff tested several sheets and found them to be uncontaminated. Plaintiff interleaved these tissue sheets with lithographic plates it manufactured and thereafter discovered that the sheets were contaminated and the plates damaged thereby. Plaintiff brought this action against defendant to recover $276,943.87 as damages sustained by it because of defendant's breach of its agreement to mark or identify any skid containing tissue from more than one lot of paper. Plaintiff also alleges that defendant breached its express and implied warranty that the tissue was of good quality, clean and free from contamination, and that it was fit for the intended purpose. In lieu of answering, defendant moved to dismiss the complaint on the ground that the cause of action alleged therein was barred by the release signed by plaintiff. Special Term denied the motion on the ground that a triable issue of

fact exists with respect to the intent of the parties at the time of the execution of the release and on the further ground that a trial is required since a release may be avoided with respect to uncontemplated transactions despite the specificity of its language. This was error. Neither side seeks to set aside the release. Instead, defendant asserts the release as a bar to plaintiff's cause of action, which is based (1) on breach of defendant's agreement to mark or identify any skid that contained tissue sheets from more than one lot of paper and (2) on breach of defendant's warranty of fitness for purpose and merchantability. This latter ground directly results from the manufacture and sale of the tissue and therefore comes within the ambit of the release. Since plaintiff released not only the manufacturer but all other persons as well, it follows that the release extends also to defendant with respect to the warranty of merchantability and fitness for purpose. With respect to defendant's agreement to identify those skids containing tissue from more than one lot of paper, it is evident that this agreement would never have been made if it were not for the discovery that traces of silicone in the antitarnish tissue had caused damage to lithographic plates manufactured by plaintiff, which damage had in turn led to the settlement of plaintiff's claim and the execution of the release. Moreover, the damage in this action is alleged to have resulted from tissue purchased in September, 1970, and the release was given thereafter, on July 1, 1971. This tissue was necessarily in plaintiff's possession when the release was executed and could have been returned to the manufacturer at that time for full credit had plaintiff so desired. For these reasons we conclude that the release applies also to the alleged breach of defendant's agreement to mark those skids containing tissue from more than one lot of paper. Accordingly, defendant's motion should have been granted and the complaint dismissed. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.